**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **Criminal Case No. 2:20-CR-01143** |
| | § | |
| **ROLANDO JASSO** | § | |

## ORDER

Pending before the Court is the oral Motion for Judgment of Acquittal made by Defendant under Rule 29 of the Federal Rules of Criminal Procedure after the Government rested. A motion for judgment of acquittal under Federal Rule of Criminal Procedure 29 "challenges the sufficiency of the evidence to convict." *United States v. Medina*, 161 F.3d 867, 872 (5th Cir. 1998) (citing Fed. R. Crim. P. 29(a)). In assessing such a motion, the Court must consider the evidence, all reasonable inferences drawn from the evidence, and all credibility determinations in the light most favorable to the jury's verdict. *See id.* The Rule 29 standard does not require that the evidence exclude every reasonable hypothesis of innocence. *United States v. Loe*, 262 F.3d 427, 432 (5th Cir. 2001). Rather, a judgment should be affirmed "if a rational trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt." *United States v. Klein,* 543 F.3d 206, 212 (5th Cir. 2008) (quoting *United States v. Westbrook*, 119 F.3d 1176, 1189 (5th Cir. 1997)). Thus, the jury retains the sole authority to weigh any conflicting evidence and evaluate witness credibility. *Loe*, 262 F.3d at 432.

In this case, reviewing the evidence in the light most favorable to the Government, taking all inferences in favor of the Government, resolving all issues of credibility in favor of the Government, the Court finds that a reasonable and rational juror could find the Defendant guilty beyond a reasonable doubt of each of the elements set forth in the indictment and respectfully **DENIES** the motion.

It is SO ORDERED.

Signed on June 3, 2021.

DREW B. TIPTON
UNITED STATES DISTRICT JUDGE